**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

Civil Action No. ______________________

STEVEN KING,

Plaintiff,

v.

NATIONAL CREDIT SYSTEMS, INC., and
Does 1-10, inclusive,

Defendant(s).

---

## COMPLAINT

---

## I.

## INTRODUCTION

1. This is an action for damages, declaratory and injunctive relief, brought by Steven King ("Plaintiff King") because of Defendant National Credit Systems, Inc.'s ("Defendant National Credit") violations of Plaintiff's rights under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, et seq. and the protections of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 et seq.

## II.

## PARTIES

2. Plaintiff, Steven King (hereinafter referred to as "Plaintiff"), is an adult individual citizen, natural person, and legal resident of Colorado Springs, Colorado. Plaintiff was, at all times relevant herein, a "consumer" as the term is defined under the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692a(3). Furthermore, Plaintiff was, at all times relevant herein, a

"consumer" as the term is defined under the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681a(c).

3. Defendant, National Credit Systems, Inc. (hereinafter referred to as "Defendant National Credit" or "National Credit"), is a limited partnership that is qualified to and regularly conducts business in the State of Colorado.

4. National Credit maintains its legal residence and principal place of business at 2750 Naturally Fresh Boulevard, Atlanta, Georgia 30349, and can be served at CT Corporation System 289 S. Culver Street, Lawrenceville, Georgia 30046-4805.

5. Plaintiff avers that Defendant acted by and through their authorized agents, servants, officers, and/or employees at all times material hereto and described herein.

6. National Credit was a company engaged, by use of the mails and telephone, in the business of collecting a debt from Plaintiff which qualifies as a "debt," as defined by the FDCPA, 15 U.S.C. §1692a(5). Defendant regularly attempts to collect debts alleged to be due another, and therefore is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

7. Furthermore, National Credit was, at all times relevant herein, a "person" as the term is defined in the FCRA, 15 U.S.C. § 1681a(b) and as an "information furnisher" as the term is used in the FCRA.

8. The above named Defendant, and its subsidiaries and agents, are collectively referred to as "Defendants." The true names and capacities of the Defendants sued herein as DOE DEFENDANTS 1 through 10, inclusive, are currently unknown to Plaintiff, who therefore sues such Defendants by fictitious names. Each of the Defendants designated herein as a DOE is legally responsible for the unlawful acts alleged herein. Plaintiff will seek leave of Court to amend the

Complaint to reflect the true names and capacities of the DOE Defendants when such identities become known.

9. Plaintiff is informed and believes that at all relevant times, each and every Defendant was acting as an agent and/or employee of each of the other Defendants and was acting within the course and scope of said agency and/or employment with the full knowledge and consent of each of the other Defendants. Plaintiff is informed and believes that each of the acts and/or omissions complained of herein was made known to, and ratified by, each of the other Defendants.

## III.

## JURISDICTION AND VENUE

10. Jurisdiction of the court arises under 28 U.S.C. § 1331 (Federal Question), 15 U.S.C. § 1692k and 15 U.S.C. § 1681(p) ("FCRA").

11. Venue is proper in this District pursuant to 28 U.S.C. § 1391(a), (b) and/or (c) because Plaintiff suffered injuries as a result of Defendant's acts in this District, the conduct at issue occurred in this District, the Plaintiff resides in this District, and Defendant National Credit is authorized to conduct business in this district and has intentionally availed itself of the laws and markets of this District.

## IV.

## FACTUAL ALLEGATIONS

12. Beginning in or around August 2016 and at various and multiple times prior to the filing of the instant complaint, including within the one year preceding the filing of this complaint, National Credit contacted Plaintiff in an attempt to collect an alleged outstanding, albeit erroneous, debt.

13. Plaintiff had an unpaid balance for an apartment, Citadel West Apartments ("Citadel"), the original creditor, in or around 2015.

14. In or around August 2016, Plaintiff sent a certified check from Western Rockies Federal Credit Union ("Western Rockies") for the balance of $448.64. Western Rockies states that the check for $448.86 was cashed by Citadel, the original creditor, as they are the only ones that could endorse it. Citadel claims they do not know if they cashed the check or not.

15. Plaintiff has provided Defendant and Citadel with a photo of the certified check along with a printout showing where the certified check was issued and who cashed it. However, Defendant did not accept it as proof and requested additional proof.

16. Despite Plaintiff paying off the debt, the check being cashed, and Plaintiff sending Defendant proof of the check, Defendant has continued to attempt to collect the debt and has continued to report the debt to Trans Union.

17. Defendant then went on to report the debt on Plaintiff's "consumer report" as the term is defined in the FCRA, 15 U.S.C. § 1681a(d), and Defendant continued to furnish derogatory information in connection with collection on an alleged debt well into the next year.

18. In or around September 25, 2017, Plaintiff disputied the reporting with TransUnion and requested validation thereof. Plaintiff attempted to dispute several other times, however Defendant would change their company name and resbumit the debt or they would deny the proof provided by Defendant.

19. Despite Plaintiff's efforts, Defendant continued to erroneously furnish derogatory informaiton on his consumer report.

20. Defendant's conduct violated the FDCPA in multiple ways, including but not limited to:

a. Falsely representing the character, amount, or legal status of Plaintiff's debt (15 U.S.C. § 1692e(2)(A));

b. Communicating or threatening to communicate credit information which is known or which should be known to be false (15 U.S.C. § 1692e(8)); and

c. Using false representations and deceptive practices in connection with collection of an alleged debt from Plaintiff (15 U.S.C. § 1692e(10).

21. As a result of the above violations of the FDCPA Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and National Credit is liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

22. Defendant is aware that the credit reporting agencies to which they are providing this information are going to disseminate this information to various other persons or parties who will be reviewing this information for the purpose of extending credit, insurance or employment and that they have already done so.

23. The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness.

24. The credit reports have been and continue to be disseminated to various persons and credit grantors, both known and unknown.

25. Plaintiff has been damaged, and continues to be damaged, in the following ways:

a. Emotional distress and mental anguish associated with having incorrect derogatory personal information transmitted about Plaintiff to other people both known and unknown.

26. At all times pertinent hereto, Defendant were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of Defendant herein.

27. At all times pertinent hereto, the conduct of Defendant, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of Plaintiffs herein.

28. Defendant violated sections 1681n and 1681o of the FCRA by engaging in the following conduct that violates 15 U.S.C. § 1681s-2(b):

a. Willfully and negligently continuing to furnish and disseminate inaccurate and derogatory credit, account and other information concerning the Plaintiff to credit reporting agencies and other entities despite knowing that said information was inaccurate; and

b. Willfully and negligently failing to comply with the requirements imposed on furnishers of information pursuant to 15 U.S.C. §1681s-2.

29. Defendant' conduct was a direct and proximate cause, as well as a substantial factor, in causing the injuries, damages and harm to Plaintiff that are outlined more fully above, and as a result, Defendant are liable to compensate Plaintiff for the full amount of statutory, actual, and punitive damages, along with attorneys' fees and costs, as well as such other relief permitted by law.

30. Further, Defendant failed to notify Plaintiff of their intention to report negative information on their credit reports. Defendant then failed to correct the disputed information within thirty days of Plaintiff's dispute of that information.

31. As a result of the above violations of the FCRA, Plaintiff suffered and continues to suffer injury to Plaintiff's feelings, personal humiliation, embarrassment, mental anguish and emotional distress, and Defendant are liable to Plaintiff for Plaintiff's actual damages, statutory damages, and costs and attorney's fees.

## V.

## CAUSES OF ACTION

## COUNT I

## VIOLATION OF THE FEDERAL FAIR DEBT COLLECTION PRACTICES ACT

32. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

33. Insofar as National Credit's conduct herein described violates the FDCPA, such violations were done purposefully, knowingly, or with extreme reckless disregard for the law and human decency reasonably expected by any consumer of a debt collector.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and

E. For such other and further relief as may be just and proper.

///

///

## COUNT II

## VIOLATION OF THE FAIR CREDIT REPORTING ACT

34. Plaintiff hereby incorporates all facts and allegations set forth in this Complaint by reference as if fully set forth at length herein.

35. Insofar as Defendant' conduct herein described violates the FCRA, such violations were done purposefully, knowingly, or with extreme reckless disregard for the law and society.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA;

B. Actual damages;

C. Statutory damages;

D. Costs and reasonable attorney's fees; and

For such other and further relief as may be just and proper.

## VI.
## TRIAL BY JURY

36. Plaintiff is entitled to and hereby demands a trial by jury. U.S. Const. amend. VII; Fed. R. Civ. P. 38.

Respectfully submitted this 28th of August, 2019.

s/Todd M. Friedman________________________
Todd M. Friedman
Law Offices of Todd M. Friedman, P.C.
21550 Oxnard St., Suite 780
Woodland Hills, CA 91367
Phone: 323-306-4234
Fax: 866-633-0228
tfriedman@toddflaw.com
Attorney for Plaintiff