UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| STEVEN KING,<br><br>    Plaintiff,<br><br>v.<br><br>NATIONAL CREDIT SYSTEMS, INC.,<br><br>    Defendant. | Case No.: 1:19-cv-REB-KMT<br><br>Hon. Robert E. Blackburn |

## NCS'S RESPONSE TO PLAINTIFF'S MOTION TO WITHDRAW ADMISSIONS PURSUANT TO FED. R. CIV. P. 36(B)

Plaintiff asks this Court to relieve him from the Requests to Admit ("RTA") he admits were served upon him by NCS on March 10, 2020. For all the reasons stated below, this Court should deny Plaintiff's Motion to Withdraw Plaintiff's Admissions Pursuant to Fed. R. Civ. P. 36(b) ("Motion").

## FACTS

On March 10, 2020, Plaintiff admits NCS served him with its First Set of Interrogatories, Requests for Production of Documents, and Requests for Admission. Pls. Mot. at p. 2 & Ex. A at ¶ 3. On April 9, 2020, counsel for NCS agreed to Plaintiff's first request to extend the date by which Plaintiff was required to respond to NCS's Written Discovery to April 23, 2020. Docket at 30-1. On April 22, 2020, NCS's counsel agreed to Plaintiff's second request to extend the date by which Plaintiff was required to respond to NCS's Written Discovery to May 7, 2020. Id. On May 7, 2020 at 12:58 p.m., Plaintiff's counsel requested a third extension to the date by which Plaintiff was required to respond to NCS's Written Discovery to May 21, 2020. Id. When NCS's counsel had not responded to the requested for an extension, at 6:14 p.m. on May 7, 2020, Plaintiff's counsel again requested an extension of up to and including May 21, 2020 to respond

1

to NCS's Written Discovery. Id. On May 8, 2020, NCS's counsel responded to Plaintiff, but did not agree to Plaintiff's third request for an extension. Docket at 30-1. Rather, NCS's counsel asked Plaintiff's counsel asked "[w]hen is it that you think you will be responding to the discovery, and what is the reason for the extension?" Id.

In spite of his claim that he "believed" NCS's counsel agreed to his request for an extension to May 21, 2020, on May 19, 2020 Plaintiff filed his Motion to Amend Civil Scheduling Order to Provide 60-Day Extension of Discovery Cutoff and Response to Plaintiff's Written Discovery ("Discovery Motion"). Docket at 26. Plaintiff's Discovery Motion seeking in part additional time to respond to NCS's discovery is premised on the same basis as the instant Motion: "unforeseen delay caused by COVID which impacted Plaintiff's ability to timely complete discovery." Id. at p. 1. NCS opposed Plaintiff's Discovery Motion, arguing that Plaintiff's neglect in failing to timely respond to NCS's Written Discovery was not excusable. Docket at no. 30.

On May 20, 2020, the Court denied Plaintiff's Discovery Motion, and noted in a footnote as follows:

> It is unclear to the court whether Plaintiff has fully responded to discovery propounded upon him by Defendant in light of several references made in the Response. (See, e.g., Resp. at 5, "Defendant's Requests for Admissions are deemed admitted, and Plaintiff has waived all objections in the discovery requests served upon the Plaintiff in this matter.") However there is no request within this motion that there be any extension of time with respect to Plaintiff's obligations to respond to discovery propounded by Defendant. The deadline for those responses has, therefore, long passed. To the extent Defendant is asserting a failure to respond to discovery by Plaintiff, D.C.COLO.LCivR 7.1(d) provides, "A motion shall not be included in a response or reply to the original motion. A motion shall be filed as a separate document."

Docket at 32, p. 3 n.2. Therefore, as of May 20, 2020 at the latest, Plaintiff knew that the Court did not consider his Discovery Motion to extend the time by which Plaintiff's responses to

2

NCS's discovery and, therefore, his responses to NCS's RTA were deemed admissions.

In spite of the Court's May 20, 2020 Order stating that Plaintiff's responses to NCS's Written Discovery were already untimely, on May 22, 2020, Plaintiff purported to serve his untimely Response to Requests for Admission ("RTA Responses") upon NCS without seeking relief from his deemed admissions from the Court. RTA Mot. at Ex. B. In his RTA Motion, Plaintiff characterized his well overdue responses to NCS's RTA as "one day past the believed extension" to May 21, 2020 he says he believed NCS's counsel agreed to, even though Plaintiff's counsel cannot point to NCS's counsel's <u>actual agreement</u> to a third extension to allow Plaintiff to serve responses to NCS's RTA. Docket at 35, p. 3.

On June 26, 2020, NCS filed its Motion for Summary Judgment ("MSJ"). Docket at 33. In its MSJ, NCS made it clear that it relied, in part, upon Plaintiff's deemed admissions to argue this Court should enter judgment in NCS's favor. <u>Id.</u> at pp. 4-5 & 6-7. Instead of immediately filing a motion to withdraw the admissions NCS clearly asserted were deemed admitted, Plaintiff waited an additional 21 days before filing the RTA Motion on July 17, 2020. Docket at 35.

## **ARGUMENT AND LAW**

For all the reasons stated in this RTA Response, this Court should summarily deny Plaintiff's RTA Motion. Any neglect by Plaintiff was not excusable as a matter of law.

Plaintiff knew since May 8, 2020 that NCS did not agree to a third extension for Plaintiff to respond to NCS's Written Discovery. In addition, once this Court entered its May 20, 2020 Order, Plaintiff knew that this Court considered the deadline for his responses to NCS's RTA "long passed." Docket at 32, p. 3 n.2. Plaintiff also knew that this Court did not consider his May 19, 2020 Discovery Motion to be a motion for additional time to serve his discovery responses on NCS or as a motion to withdraw his admissions under Fed. R. Civ. P. 36(b). <u>Id.</u>

3

On June 26, 2020, Plaintiff knew that NCS relied, in part, on his deemed admissions, in seeking summary judgment. Docket at 33. Rather than taking immediate action in response to the Court's May 20, 2020 Order or in response to NCS's MSJ, Plaintiff waited until July 17, 2020 in an attempt to withdraw his admissions to NCS's RTA.

When seeking an extension of time to extend a deadline that has passed, a party may justify an extension only by showing that the party failed to act as a result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). In order to find "excusable neglect," Plaintiff was required to prove good faith in seeking the extension and a reasonable basis for not complying within the specified period. In re Four Seasons Sec. Laws Litig., 493 F.2d 1288, 1290 (10th Cir. 1974). Inadvertence, ignorance of the rules, and mistakes construing the rules are not excusable neglect. Quigley v. Rosenthal, 427 F.3d 1232, 1238 (10th Cir. 2005).

As of May 8, 2020 (when Plaintiff admits he did not receive an agreement for an extension from NCS), Plaintiff knew that he needed to seek an extension to respond to NCS's discovery from the Court. As of May 20, 2020, Plaintiff was put on notice that by the Court that it did not view his Discovery Motion as a motion for an extension to respond to NCS's Written Discovery, and Plaintiff was therefore reminded that he needed to seek an extension to respond to NCS's Written Discovery. Instead of seeking the requisite extension, Plaintiff served his RTA Responses on NCS and ignored the problem with the untimeliness of the admissions he purported to serve on NCS.

Plaintiff's RTA Motion fails to provide this Court with any justification for finding excusable neglect. Plaintiff's claim that he "believed" NCS's counsel granted him an extension is negated by the absence of NCS's counsel's agreement to a third extension for Plaintiff to respond to its Written Discovery. Plaintiff himself knew that NCS did not agree to an extension,

4

because the Court's May 20, 2020 Order in response to Plaintiff's May 19, 2020 Discovery Motion explicitly stated that the Court did not consider the Discovery Motion a motion for an extension or a motion for withdrawal of admissions.

Moreover, instead of filing a motion for an extension and/or motion for withdrawal of admissions as soon as possible after this Court's May 20, 2020 Order, Plaintiff waited essentially two additional months until July 17, 2020 in order to file his Discovery Motion. Plaintiff's neglect in failing to file a motion for extension/motion for withdrawal of admissions as soon as the Court stated that it did not consider Plaintiff's Discovery Motion as either is patently inexcusable. Even when NCS reminded Plaintiff on June 26, 2020 that he still had not filed to withdraw the admissions NCS considered deemed admitted, Plaintiff waited an additional three weeks before attempting to seek withdrawal of Plaintiff's deemed admissions. Plaintiff's failure to act when both this Court and NCS reminded Plaintiff that the RTAs served by NCS were deemed admitted may be neglect, but it is not excusable neglect.

## **CONCLUSION**

Plaintiff failed to act even in the face of reminders from the Court and NCS that the admissions NCS served upon Plaintiff were deemed admitted. Because Plaintiff cannot prove excusable neglect, this Court should deny Plaintiff's Discovery motion, in its entirety.

Dated: July 30, 2020                                  Respectfully submitted,

                                                      /s/ Katrina M. DeMarte
                                                      Katrina M. DeMarte
                                                      (MI Bar No. P81476;
                                                      CO Bar No. 43135)
                                                      DEMARTE LAW, PLLC
                                                      39555 Orchard Hill Pl.
                                                      PMB 6338
                                                      Novi, MI  48375
                                                      (313) 509-7047
                                                      katrina@demartelaw.com

                                                      *Counsel for Defendant,*
                                                      *National Credit Systems, Inc.*

## CERTIFICATE OF SERVICE

The undersigned counsel hereby certifies that this document was filed electronically this 30th day of July 2020. Notice of this filing will be sent to the parties and/or counsel of record at the email addresses registered by them with the Court by operation of the Court's electronic filing system. Parties may access this filing through the Court's system.

                                                      s/ Katrina M. DeMarte